**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JOAN CRAVENS, INC.**
**and JASON V. SMITH** **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 1:15-CV-385-KS-MTP**

**DEAS CONSTRUCTION INC., D/B/A**
**DEAS MILLWORK CO., and**
**WEATHER SHIELD MANUFACTURING, INC.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss Counts I, VII, and X of the Amended Complaint ("Motion to Dismiss") [56] filed by Defendant Weather Shield Manufacturing, Inc. ("Weather Shield") and the Joinder [59] in this motion by Defendant Deas Construction Inc. ("Deas"). After considering the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

**I. BACKGROUND**

On November 18, 2015, Plaintiffs Joan Cravens, Inc. ("JCI"), and Jason Smith ("Smith") (collectively "Plaintiffs") filed suit against Defendants Weather Shield and Deas (collectively "Defendants"). Plaintiffs allege that Defendants designed, manufactured, sold, supplied, and/or distributed a set of windows that were purchased by JCI for the construction of a personal residence. JCI was contracted to construct this resident for Plaintiff Smith. Plaintiffs claim that Defendants misrepresented the quality of the windows they sold to them. They also allege that the windows provided to them were not the windows which they agreed to provide. Plaintiffs contend that Defendants represented that the windows provided met certain technical requirements, which they did not. They claim that these problems with the windows caused delays to the project and caused

substantial extra costs to be incurred. They also allege that JCI's commercial reputation in the area has been harmed as a result.

Plaintiffs filed their Amended Complaint [50] on April 4, 2016, bringing the following claims: violation of the Mississippi Consumer Protection Act ("MCPA"), breach of contract, breach of covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, unjust enrichment, implied warranty of fitness for a particular purpose, implied warranty of merchantability, and violation of the Lanham Act. The current Motion to Dismiss [56][59] seeks to dismiss only Plaintiffs' claims of unjust enrichment and violations of the MCPA and the Lanham Act.

## II. DISCUSSION

### A. Standard of Review

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127

S. Ct. 1955). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

**B. MCPA Claim**

In order for a private action under the Mississippi Consumer Protection Act ("MCPA") to proceed, "the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General." MISS. CODE. ANN. § 75-24-15(2). Defendants argue that Plaintiffs have never attempted to resolve their claims through a program approved by the Mississippi Attorney General. Plaintiffs do not allege, either in their Amended Complaint or in their response to Defendants' motion, that they attempted informal resolution through such a program, and have also shown no cause why such a program would not have been available to them. Rather, they argue that their other informal settlement attempts should satisfy the requirement of § 75-24-15(2) as being consistent with the purposes behind the statute. Alternatively, they argue that Defendants have waived this defense.

The language of § 75-24-15(2) clearly mandates the utilization of informal claim resolution programs approved by the Attorney General as a prerequisite to bringing a private cause of action under the MCPA. Plaintiffs cannot satisfy this prerequisite by other attempts of informal settlement, no matter how numerous or sincere. Their attempt to invoke the purpose behind § 75-24-15(2) is also unpersuasive. Regardless of Plaintiffs' argument that the "likely" purpose of the statute is to

encourage out-of-court dispute resolution, the statute unambiguously requires the use of settlement programs *approved by the Attorney General*. Because Plaintiffs have not alleged that they utilized such programs, the Court must conclude that their claims under the MCPA are barred under the plain language of the statute.

Furthermore, Plaintiffs' argument that Defendants have waived this defense has no merit. In their answers to the Amended Complaint, Defendants affirmatively invoke the defenses available to them under § 75-24-15. (*See* Weather Shield Answer [54] at p. 3; Deas Answer [55] at p. 10.) Therefore, the Court does not find that this defense was waived by either Defendant.

As Plaintiffs have admitted that they did not utilize a program approved by the Attorney General, any amendment to cure the pleading defects as to these claims would be futile. The Court will therefore **grant** the Motion to Dismiss [56][59] with respect to Plaintiffs' claims under the MCPA, and they will be **dismissed with prejudice**.

**C. Unjust Enrichment Claim**

"The doctrine of unjust enrichment or recovery in quasi-contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." *Hans v. Hans*, 482 So.2d 1117, 1122 (Miss. 1986). Under an unjust enrichment theory of recovery, the measure of recovery "is that to which the claimant is equitably entitled." *Estate of Johnson v. Adkins*, 513 So.2d 922, 926 (Miss. 1987) (citations omitted). Federal Rule of Civil Procedure 8(d) allows Plaintiffs to plead alternative theories of recovery, even if they are inconsistent with each other. It is therefore permissible for Plaintiffs to plead both a breach of contract claim and an unjust enrichment claim.

In their Amended Complaint, Plaintiffs claim that, if there is no legally enforceable contract, they should still recover under an unjust enrichment theory. They allege that they are "entitled to have Deas disgorged of payments received." (Amended Complaint [50] at p. 13.) There is no doubt that they have alleged enough facts to allow an unjust enrichment claim against Deas to go forward. The Court will therefore **deny** the Motion to Dismiss [56][59] as it pertains to the unjust enrichment claim against Deas.

Plaintiffs specifically allege that the payments for the windows were made to Deas, not to Weather Shield. There is no allegation in the Amended Complaint as to how Weather Shield was unjustly enriched by Plaintiffs, nor is there any indication of what money Weather Shield is supposedly in possession of that should equitably be delivered to Plaintiffs. *See Hans*, 482 So.2d at 1122; *Estate of Johnson*, 513 So.2d at 926. Therefore, the Court does not find that this claim has been adequately pleaded as to Weather Shield.

Plaintiffs have asked, though, that they be granted leave to amend under Federal Rule of Procedure 15 in the event that their pleadings are found inadequate. "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotations omitted). The Court will therefore give Plaintiffs fourteen (14) days from the date of this order to amend their complaint in order to state a claim of unjust enrichment against Weather Shield. If Plaintiffs fail to submit such an amendment or should their amendment not cure the pleading deficiencies of their claim, the Court will *sua sponte* dismiss with prejudice the claim of unjust enrichment against Weather Shield.

**D. Lanham Act Claim**

Defendants' main argument for dismissal of Plaintiffs' claims under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), is that the Act protects only competitors and, because Plaintiffs are not direct competitors of Defendants, they have no standing to bring a claim under this Act. In making this argument, Defendants rely on language from *POM Wonderful LLC v. Coca-Cola, Co.*, 134 S. Ct. 2228, 2234, 189 L.Ed.2d 141 (2014). However, the Court in *POM Wonderful* explicitly stated that any reference to a "competitor" in its opinion was meant "to indicate all those within the class of persons and entities protected by the Lanham Act," as described in the Court's opinion in *Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 188 L.Ed.2d 392 (2014).

In *Lexmark*, the Supreme Court outlined two requirements that must be met in order for a claimant to be protected under the Lanham Act: he must fall within the zone of interests of the Act and his injuries must be proximately caused by the defendant's actions. 134 S. Ct. at 1388-91. "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 1390. For a plaintiff to show proximate cause, he "must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 1391.

In this case, Plaintiffs have alleged that their commercial interests, "including to the sale of [JCI's] services and its business reputation," were damaged as a result of the installation of faulty windows caused by Defendants' misrepresentations. (Amended Complaint [50] at p. 8.) Plaintiffs claim that the problems experienced on the project in question "have become widely known throughout the residential construction industry" and that their business prospects have been damaged as a result. (*Id.* at pp. 8-9.) These allegations are enough to support standing under the

Lanham Act and to make out a claim upon which relief can be granted. The Court therefore will **deny** the Motion to Dismiss [56][59] with respect to Plaintiffs' claims under this Act.

## III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [56][59] is **granted in part** and **denied in part**.

It is **granted** with respect to Plaintiffs' claims under the MCPA against Weather Shield and Deas. These claims are **dismissed with prejudice**.

It is **denied** with respect to Plaintiffs' claims of unjust enrichment against Deas and their claims under the Lanham Act against Weather Shield and Deas.

Plaintiffs are given **fourteen (14) days** from the date of this order to **amend** their complaint in order to cure the defects in their pleading with respect to their claim of unjust enrichment against Weather Shield. Failure to do so will result in this claim being dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 5th day of May, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE