IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOAN CRAVENS, INC.
and JASON V. SMITH                                                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:15-CV-385-KS-MTP

DEAS CONSTRUCTION INC., D/B/A
DEAS MILLWORK CO., and
WEATHER SHIELD MANUFACTURING, INC.                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs Joan Cravens, Inc. and Jason Smith's Motion to Alter or Amend Judgment Dismissing MCPA Claims with Prejudice ("Motion to Alter") [81] and Defendants Weather Shield Manufacturing, Inc. and Deas Construction Inc.'s Motion for Partial Dismissal ("Motion to Dismiss") [90]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Alter [81] is well taken and should be granted. The Court further finds that the Motion to Dismiss [90] should be denied as moot.

**I.  BACKGROUND**

On November 18, 2015, Plaintiffs Joan Cravens, Inc. ("JCI"), and Jason Smith ("Smith") (collectively "Plaintiffs") filed suit against Defendants Weather Shield Manufacturing, Inc. ("Weather Shield") and Deas Construction Inc. ("Deas") (collectively "Defendants"). Plaintiffs allege that Defendants designed, manufactured, sold, supplied, and/or distributed a set of windows that were purchased by JCI for the construction of a personal residence. JCI was contracted to construct this resident for Plaintiff Smith. Plaintiffs claim that Defendants misrepresented the quality of the windows they sold to them. They also allege that the windows provided to them were not the windows which they agreed to provide. Plaintiffs contend that Defendants represented that

the windows provided met certain technical requirements, which they did not. They claim that these problems with the windows caused delays to the project and caused substantial costs to be incurred. They also allege that JCI's commercial reputation in the area has been harmed as a result.

Plaintiffs filed their Amended Complaint [50] on April 4, 2016, bringing the following claims: violation of the Mississippi Consumer Protection Act ("MCPA"), breach of contract, breach of covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, unjust enrichment, implied warranty of fitness for a particular purpose, implied warranty of merchantability, and violation of the Lanham Act.

In its previous Order [77], the Court dismissed Plaintiffs' MCPA claim with prejudice because Plaintiffs failed to make an attempt to resolve the claim through an informal settlement program approved by the Attorney General, as required under Mississippi law. In their Motion to Alter [81], Plaintiffs ask that the Order be amended to a dismissal of the claim without prejudice.

After this Order [77] was entered, Plaintiffs filed their Second Amended Complaint [87], which inadvertently contained the MCPA claim. In their Motion to Dismiss [90], Defendants ask that this claim be dismissed.

## II. DISCUSSION

### A.     Motion to Alter [81]

The Court has authority to amend a judgment under Federal Rule of Civil Procedure 59(e) in order "to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Plaintiffs argue that dismissal of the MCPA claim with prejudice is a manifest error of law because it serves as an adjudication on the merits of the claim, which are not reached by the Court's ruling.

They contend that dismissal without prejudice for failure to exhaust an administrative remedy is more appropriate.

Plaintiffs are correct that, unless exhaustion is no longer possible, "failure to exhaust administrative remedies usually results in dismissal without prejudice." *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007). Defendants do not claim that exhaustion in this case is impossible. Rather, they argue that Mississippi courts have held that dismissal with prejudice is correct under the MCPA. They also contend that amending the complaint at this time under Federal Rule of Civil Procedure 15 would be inappropriate.

Defendants second argument is not applicable, as Plaintiffs at no point ask the Court for leave to amend their complaint. Rather, they are requesting the Court alter its dismissal of the MCPA claim to be a dismissal without prejudice so that, if at some time in the future Plaintiffs engage in the required settlement program and fail to resolve their claim, they may re-assert their MCPA claim, which may or may not be in this particular action. However, the Court will not address whether or not an amendment in this case would be appropriate when that question is not before it. Defendants also misinterpret the Court's meaning when it held that allowing amendment would be futile. (Order [77] at p. 4.) Amending the current complaint at this time to cure the defects in the MCPA *would* be futile, as no attempt has been made at a dispute settlement program as required by law. However, this does not speak to whether the MCPA claim would be viable *if* such a program were attempted.

No Mississippi court has addressed whether dismissal should be with or without prejudice when an MCPA claim is dismissed for failure to engage in a settlement program approved by the Attorney General. *Dominquez v. Palmer*, cited by Defendants as standing for the proposition that dismissal with prejudice is appropriate, does not address this issue, even though the case affirmed

3

the dismissal with prejudice below.  970 So.2d 737, 743 (Miss. Ct. App. 2007).  Appellants in *Dominquez* were challenging the dismissal of the claim itself, with no argument that the dismissal should have been without prejudice.  *Id.*  In the other case cited by Defendants, *Lockey v. CMRE Financial Services*, the court held that the MCPA claim had no merit in addition to being barred by a failure to engage in an dispute settlement program.  No. 1:11-CV-70-LG-RHW, 2011 WL 2971085, at *2-3 (S.D. Miss. July 20, 2011).  The claim was then dismissed with prejudice.  *Id.*  However, *Humphrey v. Citibank NA*, the court held that dismissal without prejudice was appropriate when plaintiff had failed to engage in a settlement program.  No. 2:12-CV-148-M-V, 2013 WL 5407195, at *6 (N.D. Miss. Sept. 25, 2013).  There seems to be no clear consensus, then, whether dismissal for this failure should be with or without prejudice.

What is clear, though, is that the Court did not reach the merits of the MCPA claim in its previous Order [77].  Because a dismissal with prejudice operates as a final judgment on the merits of a claim, *see Schwarz v. Folloder*, 767 F.2d 125, 129-30 (5th Cir. 1985), the Court finds that a dismissal with prejudice in this case is an error of law.  Furthermore, because Plaintiffs' MCPA claim was effectively dismissed for failure to exhaust an administrative remedy, the Court finds that a dismissal without prejudice is more appropriate.  *See Dawson Farms*, 504 F.3d at 607.

Therefore, the Motion to Alter [81] will be **granted**, and the previous Order [77] is amended to reflect that the MCPA claim is **dismissed without prejudice**.

### B.   Motion to Dismiss [90]

In their Motion to Dismiss [90], Defendants ask the Court to dismiss the MCPA claim in Plaintiffs' Second Amended Complaint [87].  Plaintiffs argue that this motion is moot, as the claim has already been dismissed and it was only inadvertently kept in the amended pleading.  Because

this claim is not currently pending before the Court, it cannot be dismissed. Therefore, the Court finds that the Motion to Dismiss [90] should be **denied as moot**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion to Alter [81] is **granted**, and the previous Order [77] is amended to reflect that the MCPA claim is **dismissed without prejudice**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [90] is **denied as moot**.

SO ORDERED AND ADJUDGED this the 23rd day of June, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE