**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

JOAN CRAVENS CONSTRUCTION, INC, ET AL.                    PLAINTIFFS

v.                                        CIVIL ACTION NO. 1:15-cv-385-KS-MTP

DEAS CONSTRUCTION INC., ET AL.                           DEFENDANTS

**<u>ORDER</u>**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant Weather

Shield to Respond to Discovery [95], Plaintiff's Motion to Compel Defendant Deas Construction

Inc. to Respond to Discovery [104], and Defendant Weather Shield's Motion to Seal [100].

Having considered the parties' submissions, the record, and the applicable law, the Court finds

that the Motion to Compel  [95] should be granted in part and denied in part, the Motion to

Compel [104] should be granted in part and denied in part, and the Motion to Seal [100] should

be granted in part and denied in part.

This action arises from the sale of windows.[1]  According to the Amended Complaint [87],

Plaintiff Jason Smith contracted with Plaintiff Joan Cravens Construction, Inc. to construct a

home for Smith and his family.  Plaintiffs allege that they purchased Weather Shield Premium

Series windows from Defendants, but Defendants delivered Weather Shield Life Guard Series

windows, which were inadequate and failed to meet building codes and the design specifications.

---

[1] Though this matter initially involved rather straightforward claims, all parties seem
intent on escalating the matter to a point where the litigation costs will exceed its value.  These
actions have taken various forms, including the refusal to work out the most basic discovery
issues such as an agreed protective order, ignoring privilege log requirements, and taking a
casual approach to locating records.  As set forth below, the Court does not impose sanctions in
this order.  However, parties and lawyers who continue to unnecessarily run up the costs of
litigation with further evasive and vexatious tactics may be assessed the costs and fees involved
as well as other sanctions.

Plaintiffs allege that Defendants provided quotes for the sale of windows to the Plaintiffs from

February 2014, through August 2014.  According to Plaintiffs, Defendants provided quotes for

Premium Series windows during the period from February 2014 until, July 27, 2014, and then,

on July 28, 2014, Defendants' quotes changed to the Life Guard Series, without notification to

Plaintiffs.  Plaintiffs claim that these inadequate windows were installed in the Smith home and

eventually had to be replaced at substantial expense to the Plaintiffs.

**Motion to Compel Defendant Weather Shield to Respond to Discovery [95]**

On March 2, 2016, Plaintiffs served upon Defendant Weather Shield their first set of

requests for production, and, on March 31, 2016, Weather Shield responded. *See* Notices [27]

[45].  On May 25, 2016, Plaintiffs filed their Motion to Compel [95], requesting an order from

the Court directing Weather Shield to respond to and/or supplement its responses to certain

discovery requests.  According to Plaintiffs, there are three topics of discovery in dispute: (1)

pricing information, (2) quotes and correspondence regarding the underlying transaction, and (3)

a privilege log.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case . . . ."  This Rule also specifies that "[i]nformation within

this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P.

26(b)(1).  The discovery rules are accorded a broad and liberal treatment to achieve their purpose

of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  "It

is well established that the scope of discovery is within the sound discretion of the trial court."

*Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009).

*Pricing Information*

> Request No. 9: Please produce all pricing information including, but not limited to, information about cost per unit, margins, and standard wholesale price per unit with respect to Product ID Nos. 8109, 8116 and 8211 contained in Quote No. 141808; Produce ID Nos. 1102, 810, and 8204 contained in Quote No. 1460342; Produce ID Nos. 819, 8116, and 8211 contained in Quote No. 1415143; and Produce ID Nos. 1102, 810, and 8204, contained in Quote No. 551018947.

> Response: Counsel objects to this Request as seeking confidential, proprietary information which also constitutes trade secrets. Counsel also objects to the Request because it seeks irrelevant information and information not reasonably calculated to lead to the discovery of admissible evidence. Weather Shield's price per unit is given only to authorized dealers when a quote is requested: that information is not disseminated to any other entities or persons, including contractors and homeowners. Additionally, no entities or persons, including dealers, are given information regarding Weather Shield's profit margin.

According to Plaintiffs, Weather Shield has refused to produce unredacted pricing information related to this transaction. In its Response [118], Weather Shield argues that the pricing information is irrelevant to Plaintiffs' claims. Weather Shield asserts that a price change would have been at the discretion of Deas Construction Inc. ("Deas"). Weather Shield also asserts that this information will not further Plaintiffs' allegations because they have not demonstrated that they received a lower quality window.

Plaintiffs allege that, despite the change in the type of windows quoted by Defendants, there was no change in the unit price for Plaintiffs. Plaintiffs argue that the information regarding the pecuniary benefit received by Defendants from the change in product without a change in price is relevant to Plaintiffs' claims. The Court finds that Plaintiffs have adequately explained the nexus between their claims and the discovery they seek, and Weather Shield has not met its burden of demonstrating that the requested documents should be withheld in spite of their apparent relevance.

Weather Shield also argues that this information should not be produced because it is

confidential and constitutes a trade secret.  This objection does not prevent the production of

such information, though it might provide a basis for an appropriate protective order.  The

parties are directed to confer in good faith in an effort to agree to a protective order.  Failing

agreement, the matter shall be addressed by appropriate motion filed on or before July 9, 2016.[2]

*Quotes and Correspondence*

> Request No. 2: Please produce any communication or correspondence related to this dispute or Transaction that is in your possession, custody, or control.
>
> Objection: Counsel objects to this Request as overly broad and not properly limited in scope or time and to the extent it seeks documents obtained in anticipation of litigation, communications exchanged in anticipation of litigation and attorney-client communication.  Without waving these objections, Weather Shield states:
>
> Response: See emails already produced, Bates numbered WS-00009 through 47, Bates numbers WS-000048 through 49.
>
> Request No. 3: Please produce all Quotes, drafts of the same, or any other internal order processing documentation in your possession, custody, or control that were prepared in relation to this Transaction.
>
> Objection: Counsel objects to this Request as overly broad and not properly limited in scope or time and the extent it seeks documents obtained in anticipation of litigation, communications exchanged in anticipation of litigation and attorney-client communication.  Without waving these objections, Weather Shield states:
>
> Response: See the following:
>
> 1. QUOTE: 1452966 dated 7/28/14, Bates numbered SW-000001 through 8
> 2. Email from Clayton Roberts dated 7/2814 with revisions to QUOTE 129, Bates numbered WS-00009 through 15
> 3. QUOTE: 1456451 dated 8/5/14, Bates numbered WS-000016 through 23
> 4. QUOTE: 1460342 dated 8/13/14, Bates numbered WS-000024 through 31

---

[2] The Court notes that the parties have previously failed to agree to the terms of an appropriate protective order, but the Court is confident that a good-faith effort from the parties will yield an agreed protective order.

5. Email from Clayton Roberts dated 8/15/14 placing order for QUOTE: 1460342, Bates numbered WS-000032 through 39
6. Email from Diane Elbert dated 8/18/14 seeking final approval for order pursuant to QUOTE: 1460342, Bates numbered WS-000040 through 47
7. Email from Clayton Roberts dated 8/20/14 attaching the release for QUOTE: 1460342, Bates numbered WS-000048 through 49

According to Plaintiffs, there are three important time periods in this action: (1) the period from February 2014, until July 27, 2014, in which Defendants submitted quotes to Plaintiffs for Weather Shield Premium Series windows; (2) the period from July 28, 2014, until delivery of the windows on September 26, 2014, which encompasses the time after Defendants changed the series of window quoted until delivery; and (3) the period from September 26, 2014, until filing of this lawsuit on November 18, 2015, which includes the time during which Defendants were notified of and investigated the problems with the windows. *See* Motion [95] at 9.

Plaintiffs assert that Weather Shield initially only produced four e-mails, all of which were dated July 28, 2014, or later–after the window series was changed in the quotes. Allegedly, Weather Shield has not produced any correspondence from the first or third time periods. Additionally, Plaintiffs assert that Weather Shield initially only produced quotes from the second time period (July 28, 2014–September 26, 2014) but subsequently produced two quotes from the first time period (February 2014–July 27, 2014).

In its Response [118], Weather Shield claims that is has provided all of the quotes and correspondence in its possession. Weather Shield explains that, "[a]s an authorized dealer, Deas Construction may generate certain quotes without any input from Weather Shield. Because of this, Weather Shield was not involved in the early quoting process. Weather Shield has produced all quotes in its possession, beginning with Quote 1421808 dated 5/22/14. Despite

these facts, Plaintiffs are asking the court to compel Weather Shield to produce documents that

simply do not exist." [118] at 2.  According to Weather Shield, because of its software, its quotes

may be generated without any input from Weather Shield and its quotation and ordering process

works without engaging Weather Shield personnel.

In their Rebuttal [122], Plaintiffs argue that on June 6, 2016, Defendant Deas produced

emails which demonstrate that Weather Shield was "involved in preparing, reviewing, critiquing,

revising, and finalizing the quotes submitted to the Plaintiffs . . . ." [122] at 2.[3]  Indeed, these

emails appear to be communications between Deas's sales agent, Clayton Roberts, and Weather

Shield employees regarding the quotes at issue in this case.  In these emails, Roberts requests

quotes from Weather Shield employees, and Weather Shield employees direct Roberts regarding

certain information in the quotes.  These emails call into question Weather Shield's description

of its quotation and ordering process.

Accordingly, the Court finds that Weather Shield should provide supplemental responses

to Plaintiffs' Request for Production of Documents Nos. 2 and 3.[4]  If no additional responsive

documents exist, Weather Shield should explain the efforts it made to locate documents with

---

[3] Plaintiffs submitted these emails directly to the undersigned's chambers because of the parties' pending dispute regarding the confidentiality of certain information contained in the emails.

[4] Weather Shield may designate as "Confidential" any material it believes in good faith qualifies for protection pursuant to Fed. R. Civ. P 26(c).  The receiving party shall not distribute, transmit, or otherwise divulge any material marked "Confidential," except that the material may be used by a party, a party's counsel, expert witness, or consultant to pursue the claims or defenses raised in this action.  If a party wishes to file of record any material marked "Confidential," that party first shall move the Court for an order to seal the material in accordance with the Federal Rules of Civil Procedure and Local Rules.  The terms set forth herein will be in force until the Court enters a protective order or other order.

sufficient specificity to allow Plaintiffs, and if necessary, the Court, to determine whether

Defendant made a reasonable inquiry and exercised due diligence. Additionally, if Weather

Shield knows of any documents, including those produced by Deas on June 6, 2016, which are

no longer in its possession, Weather Shield shall provide an answer explaining precisely what

happened to the documents and why they no longer exist in its files. Any further relief requested

in the Motion to Compel is denied.

### *Privilege Log*

In their Motion to Compel, Plaintiffs also assert that Weather Shield has failed to produce

a privilege log. In its Response [118], however, Weather Shield informs the Court that it has

now provided Plaintiffs a privilege log. Thus, this issue is now moot, though it took a motion to

compel to force Weather Shield to do what the rules plainly required. Weather Shield is directed

to footnote 1, *supra*.

### **Motion to Compel Defendant Deas Construction Inc. to Respond to Discovery [104]**

On March 2, 2016, Plaintiffs served upon Defendant Deas their first set of requests for

production, and, on April 1, 2016, Deas responded. *See* Notices [27] [48]. On June 1, 2016,

Plaintiffs filed their Motion to Compel [104], requesting an order from the Court directing Deas

to respond to and/or supplement its responses to certain discovery requests. Similar to the

Motion to Compel filed against Weather Shield, this Motion [104] involves disputes regarding

quotes, correspondence regarding the transaction, and a privilege log.

### *Quotes and Correspondence*

> Request No. 2: Please produce any communications or correspondence related to this
> dispute or Transaction that is in your possession, custody, or control.

> Response: Deas produces Bates 1-59, which are the several quotes and

correspondences between Deas and Plaintiffs, and Amish Millwork, regarding the windows in question, for use as evidence.  Deas further produces Bates 270-75 with photographs of the windows in question.  Deas produces the Plaintiffs' production of documents, labeled Plaintiff Bates 1 through 1057.  Deas further produces Weather Shield's production of discovery, labeled Weather Shield 1-53.  Deas further produces documents retrieved from the City of Gulfport, retrieved by Weather Shield, as Bates Smith Gulfport 1-163.

Request No. 3: Please produce all Quotes, drafts of the same, or any other internal order processing documentation in you possession, custody, or control that were prepared in relation to this Transaction.

Response: Deas would produce Deas Bates 1-59; Plaintiff's bates 1-138; Bates 141-53; 162-69; and Weather Shield 1-53.

According to Plaintiffs, Deas only produced four emails and three quotes, all of which were dated July 29, 2014, or later–after the window series was changed in the quotes.  Plaintiff claims that Deas provided four quotes to them from February 2014, to July 28, 2014, but Deas has not produced those quotes, or any drafts thereof.  Additionally, Plaintiffs point to the fact that a nonparty, Amish Millwork, produced approximately eighteen emails related to the transaction sent by Deas's sales agent Clayton Roberts. *See* [104-4].  Deas allegedly failed to produce these emails.

On June 8, 2016, Deas supplemented its response to the requests of production. *See* Notice [115].  According to the president of Deas, Zach Deas, after he received Plaintiffs' Motion to Compel, Clayton Roberts mentioned the existence of a laptop, which Roberts no longer used.  Zach Deas states that additional documents regarding this transaction were found on Roberts's laptop and produced.  In its Response [114], Deas claims that with its latest supplement, it has produced every responsive document in its possession or control.

In their Rebuttal [121], Plaintiffs assert that, despite Deas's supplemental production, Deas has not produced all of the emails between Clayton Roberts and Amish Millwork.

8

Plaintiffs point out that they have established the existence of these emails.

Plaintiffs also point out that two of the emails produced from Roberts's laptop were forwarded to Zach Deas during the pendency of this litigation.[5]  Plaintiffs argue that these two emails demonstrate that Deas knew about Roberts's laptop before Plaintiffs filed their Motion to Compel.  The Court, however, finds that these emails do not necessarily demonstrate that Deas knew about the laptop prior to the Motion to Compel, as Roberts's email account may have been accessed through another electronic device.  Of course, if the emails were sent from another device, the forgotten laptop would not explain why the emails were not produced earlier.

The questions surrounding the laptop and the discrepancies between Deas's production and Amish Millwork's production lead the Court to find that Deas should provide supplemental responses to Plaintiffs' Requests for Production of Documents Nos. 2 and 3.[6]  If no additional responsive documents exist, Deas should explain the efforts it made to locate documents with sufficient specificity to allow Plaintiffs, and if necessary, the Court, to determine whether Deas made a reasonable inquiry and exercised due diligence.  Additionally, if Deas knows of any documents, including those produced by Amish Millwork, which are no longer in its possession,

---

[5]  Plaintiffs submitted these emails directly to the undersigned's chambers because of the parties pending dispute regarding the confidentiality of certain information contained in the emails.

[6]  Deas may designate as "Confidential" any information it believes in good faith qualifies for protection pursuant to Fed. R. Civ. P 26(c).  The receiving party shall not distribute, transmit, or otherwise divulge any material marked "Confidential," except that the material marked "Confidential" may be used by a party, a party's counsel, expert witness, or consultant to pursue the claims or defenses raised in this action.  If a party wishes to file of record any material marked "Confidential," that party first shall move the Court for an order to seal the material in accordance with the Federal Rules of Civil Procedure and Local Rules.  The terms set forth herein will be in force until the Court enters a protective order or other order.

Deas shall provide an answer explaining precisely what happened to the documents and why

they no longer exist in its files.

Plaintiffs request an order from the Court requiring Deas to make Clayton Roberts

available for a second deposition in light of the production from his laptop.  The Court finds that

this relief should be granted, and Clayton Roberts should be made available for a second

deposition.  Plaintiffs also request attorney's fees and cost incurred related to the second

deposition.  The Court will deny this request at this time as Plaintiffs have failed to demonstrate

that Deas purposefully withheld the recently produced documents.  Any further relief requested

in the Motion to Compel is denied.

### *Privilege Log*

In their Motion to Compel, Plaintiffs also assert that Deas has failed to produce a

privilege log.  In its Response [114], Deas asserts that Plaintiffs failed to confer regarding the

lack of a privilege log before filing its Motion to Compel and argues that, as a result, this issue is

not ripe for review.  Deas, however, signed the good faith certification, which states that counsel

have conferred in good faith to resolve the issues in question.  Additionally, the Federal Rules of

Civil Procedure and the Local Rules of this Court make it clear that Defendant has a duty to

produce a privilege log containing at least the name of any withheld document, a description of

the document, and the nature of the privilege asserted. *See* Fed. R. Civ. P. 26(b)(5)(A) &

45(e)(2)(A); L.U. Civ. R. 26(a)(1)(C).  This is required in order that the parties and the Court can

make a meaningful determination regarding the merits of the claim of privilege.  A party

withholding documents under a claim of privilege has a plain duty to prepare and serve a

privilege log.[7]  Thus, Deas shall promptly produce a privilege log, and familiarize itself with

footnote 1, *supra*.

**Motion to Seal [100]**

In its Motion to Seal, Defendant Weather Shield requests that the Court seal Exhibit 4 to

the Plaintiffs' Second Amended Complaint [87] and replace it with a redacted version.

According to Weather Shield, Exhibit 4 contains confidential wholesale pricing.  The Court finds

that this relief should be granted.  Weather Shield also requests attorney's fees and costs

associated with filing its Motion to Seal.  The Court will deny this request and any further relief

requested in the Motion to Seal.

IT IS, THEREFORE, ORDERED that:

1.    Plaintiffs' Motion to Compel Defendant Weather Shield to Respond to Discovery
      [95] is GRANTED in part and DENIED in part.  Weather Shield shall comply
      with this order on or before July 7, 2016.

2.    Plaintiffs' Motion to Compel Defendant Deas Construction Inc. to Respond to
      Discovery [104] is GRANTED in part and DENIED in part.  Deas shall comply
      with this order on of before July 7, 2016.

3.    Defendant Weather Shield's Motion to Seal [100] is GRANTED in part and
      DENIED in part.

4.    The Clerk of Court is directed to seal Exhibit [87-4].

5.    On of before July 7, 2016, Plaintiffs shall file a redacted copy of Exhibit [87-4].

6.    The parties are directed to confer in good faith in an effort to negotiate an agreed

---

[7] "This argument ignores the fact that plaintiff should not be required to ask for
something that the Rules clearly state the defendant must provide." *Pensacola Firefighters'
Relief Pension Fund Br. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D.
589, 594 (N.D. Fla. 2010).  "[T]he duty to produce the privilege log is immediate and absolute,
and does not depend at all upon Plaintiff asking for it." *Covington v. Sailormen, Inc.*, 274 F.R.D.
692, 694 (N.D. Fla. 2011).

protective order.  Failing agreement, the matter shall be addressed by appropriate motion filed on July 9, 2016.  If the parties are unable to negotiate the terms of an agreed protective order, such failure is not grounds to withhold any documents ordered to be produced in this order.  Instead, the documents shall be timely produced with the temporary protections afforded in this order. *See* footnotes 4, 6.

SO ORDERED this the 30th day of June, 2016.

s/ Michael T. Parker
United States Magistrate Judge