**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOAN CRAVENS, INC, ET AL.**                                                 **PLAINTIFFS**

**v.**                                       **CIVIL ACTION NO. 1:15-cv-385-KS-MTP**

**DEAS CONSTRUCTION INC., ET AL.**                                     **DEFENDANTS**

**<u>ORDER</u>**

THIS MATTER is before the Court on the Motion to Strike the Errata Sheet of George Denmark [169] filed by Defendant Weather Shield Manufacturing, Inc. ("Weather Shield"). Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [169] should be granted.

This action arises from the sale of windows. According to the Amended Complaint [87], Plaintiff Jason Smith contracted with Plaintiff Joan Cravens, Inc. to construct a home for Smith and his family. Plaintiffs allege that they purchased Weather Shield Premium Series windows from Defendants, but Defendants delivered Weather Shield Life Guard Series windows, which were inadequate and failed to meet building codes and the design specifications. According to Plaintiffs, these inadequate windows were installed in the Smith home and eventually had to be replaced at substantial expense to the Plaintiffs.

On May 18, 2016, Defendants deposed George Denmark, an architect involved in the construction of the Smith home. On June 2, 2016, the court reporter provided Plaintiffs' counsel a copy of Denmark's deposition in order for Denmark to review. On June 27, 2016, Denmark submitted an errata sheet, proposing to change several answers in his deposition. *See* Errata Sheet [169-4]. On September 7, 2016, Defendant Weather Shield filed the instant Motion [169],

1

seeking an order from the Court striking Denmark's errata sheet.[1]  Defendant argues that the errata sheet should be stricken because it fails to provide reasons for the proposed changes and, therefore, does not comply with Fed. R. Civ. P. 30(e)(1)(B).

Rule 30(e) provides as follows:

(1) **Review; Statement of Changes.** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

The Court finds that Denmark's proposed changes to his deposition are substantive in nature.  There is substantial disagreement among federal courts as to the scope and nature of changes permissible under Rule 30(e).  The United States Court of Appeals for the Fifth Circuit has not decided the issue, and the district courts within the Fifth Circuit do not agree. *See Walker v. George Koch Sons, Inc.*, 2008 WL 4371372, at \*\*2-3 (S.D. Miss. Sept. 18, 2008); *Magee v. Securitas Security Services USA, Inc.*, 2016 WL 4470762, at \*8 (S.D. Miss. August 23, 2016). "In summary, the rules regarding amendments to deposition testimony via Rule 30(e) are murky, at best." *Riley v. Ford Motor Co.*, 2011 WL 3157204, at \*3 (S.D. Miss. July 26, 2011).

The "growing minority view," or "recent trend" is to interpret Rule 30(e) narrowly, allowing only corrective or non-substantive changes to deposition testimony. *See Walker*, 2008 WL 4371372, at \*2. "A vision animates this school: if a deponent can freely revise their

---

[1] On September 7, 2016, Defendant Deas Construction, Inc. joined in the Motion [169]. *See* Joinder [171].

testimony afterward, the deposition has become a 'take home examination,' and its utility as a discovery devise wholly forfeited." *United States v. Louisiana*, —F.Supp.3d—, 2016 WL 4055648, at *47 (M.D. La. July 26, 2016).

The majority view or approach, however, "accords a plain meaning approach or literal interpretation to Rule 30 and, consequently, allows any change in form or substance regardless of whether convincing explanations support the change." *Betts v. Gen'l Motors Corp.*, 2008 WL 2789524, at *2 (N.D. Miss. July 16, 2008). Obviously, allowing a deponent to rewrite portions of his deposition may lead to troubling situations. Thus, courts that take this approach usually adopt remedial measures to limit the potential for abuse. Such measures include reopening the deposition for limited purposes, requiring the deponent to pay the costs of reopening his deposition, and ordering that the original and changed answers, as well as the reasons for the changes, remain in the record and may be used during summary judgment and/or trial. *Walker*, 2008 WL 4371372, at *3.

As previously mentioned, the Fifth Circuit has not decided this issue, but it has stated that it "do[es] not necessarily disagree" that a deponent can make substantive changes to his deposition. *Gonzalez v. Fresenius Med. Case N. Am.*, 689 F.3d 470, 480 (5th Cir. 2012). Furthermore, courts within this district, including this Court, have followed the majority approach and allowed substantive changes to the content of a deposition. *See Riley*, 2011 WL 3157204, at **3-4 ("The consensus view in this state appears to be that errata sheets may be used to make substantive changes to deposition testimony, if the opposing party is granted the benefit of certain remedial measures.").

Defendant does not argue that the law prohibits Denmark from making substantive

3

changes to his deposition, but argues that Denmark is prohibited from making substantive changes without sufficient explanation. As previously mentioned, Rule 30(e) provides that "if there are changes in form or substance" the deponent must "sign a statement listing the changes and *the reasons for making them*." Fed. R. Civ. P. 30(e)(1)(B) (emphasis added). The Fifth Circuit has stated that strict compliance with Rule 30(e) is required. *Reed v. Hernandez*, 114 Fed. App'x. 609, 611 (5th Cir. 2004) ("Rule 30(e) does not provide any exceptions to its requirements."). Additionally, this Court has ruled that deponents making substantive changes to their depositions must provide sufficient explanations for the changes. *See Riley*, 2011 WL 3157204, at **3-4; *Magee*, 2016 WL 4470762, at *6 ("The Fifth Circuit requires strict adherence to the procedural requirement of Rule 30(e), one of which is the requirement that the deponent provide reasons for each change she makes to the testimony.").

    In their Response [180], Plaintiffs argue that Denmark's errata sheet sufficiently sets forth the reasons for his changes. In the errata sheet, most of the proposed changes begin with the following phrase: "Should be corrected to state as follows." *See* [169-4].[2] Courts in this district, however, have held that the reasons for changes cannot be conclusory. *See Riley*, 2011 WL 3157204, at *4 ("The federal courts in this state require more than conclusory, one-word 'reasons' for compliance with Rule 30(e)."); *Crawford v. Mare Mortgage, LLC*, 2006 WL 1892072, at *1 (S.D. Miss. July 10, 2006) (holding that the reasons provided for substantive changes–either "correction" or "clarification"–were inadequate); *Seahorn Investments, LLC v.*

---

[2] Of the fifteen changes proposed on Denmark's errata sheet, twelve of them begin with the phrase "[s]hould be corrected to state as follows." The Court will discuss the sufficiency of this "reason." The remaining three changes begin with one of the following three words: "Add," "Delete," or "Replace." *See* [169-4]. These words are commands, not reasons for the changes and certainly not sufficient reasons for the changes.

*Federal Insurance Company*, 2015 WL 11004898, at *2 (S.D. Miss. August 28, 2015) (holding that "clarification" was an insufficient explanation).

Plaintiffs cite to a single case, *Guice v. State Farm Mut. Ins. Co.*, No. 1:06-cv-1-LTS-RHW, Order [351] (S.D. Miss. April 4, 2007), in which a court declined to strike an errata sheet under apparently similar circumstances.  However, the ruling in *Guice* is a brief order, not an opinion with legal analysis providing insight into the court's reasoning, and appears contrary to other rulings in this district.  This Court finds that "[t]he term 'reason' should be interpreted in its most common sense meaning: a statement explaining the deponents' reasons for making the change." *Betts*, 2008 WL 2789524, at *2.  The errata sheet provided by Denmark does not contain reasons for making changes to the deposition.  Thus, the errata sheet does not comport with the requirements of Rule 30(e).

Plaintiffs also provide a declaration by Denmark explaining his reasons for the changes to his deposition.  Plaintiffs request that the Court accept this declaration as a supplement to Denmark's errata sheet or, alternatively, allow Denmark to submit a new errata sheet reflecting the representations in the declaration.  As previously discussed, however, strict compliance with Rule 30(e) is required,[3] and Rule 30(e) requires a deponent to provide the changes and the reasons for making them within thirty days of being notified that the transcript is available.

In *Betts*, the United States District Court for the Northern District of Mississippi was faced with a situation where a defendant moved to strike changes made to the plaintiffs' expert's deposition because the expert failed to provide sufficient reasons for the changes and, in turn, the plaintiffs moved for leave to submit an amended errata sheet for the expert. 2008 WL 2789524,

---

[3] *See Reed*, 114 Fed. App'x. at 611.

5

*1.  That court held that the expert's failure to incorporate his reasons for the proposed changes in his errata sheet should result in the exclusion of those changes from his deposition. *Id*. at **1-2.  Turning to the plaintiffs' motion for leave to submit an amended errata sheet, that court stated that "[t]he Fifth Circuit's emphasis on the importance of following the rule's explicit instructions on the thirty-day time period clearly carries to the requirement that a deponent provide reasons for any proposed changes or corrections to a deposition." *Id*. at *2.  Thus, that court denied the plaintiffs' motion for leave to submit an amended errata sheet and granted the defendant's motion to strike the proposed deposition changes. *Id*.

This Court agrees with other courts which have held that "[t]here are no exceptions provided in Rule 30(e) to the thirty-day time frame for making changes to deposition testimony." *See In re Kugel Mesh Hernia Repair Patch Litigation*, 2010 WL 678092, at *1(D. R.I. Feb. 24, 2010); *see also United Subcontractors, Inc. v. Darsey*, 2013 WL 5927946 (M.D. Fla. Nov. 5, 2013) (striking defendant's errata sheet because it did not provide any reasons for the proposed changes and holding that the defendant should not be allowed to file a supplemental errata sheet which provided reasons for the proposed changes outside the thirty-day time period provided by Rule 30(e)).  A deponent who wishes to utilize the privilege of Rule 30(e) must strictly comply with the Rule's requirements.

IT IS, THEREFORE, ORDERED that Defendant Weather Shield Manufacturing, Inc.'s Motion to Strike the Errata Sheet of George Denmark [169] is GRANTED.

SO ORDERED, this the 4th day of October, 2016.

s/ Michael T. Parker  
United States Magistrate Judge