IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOAN CRAVENS, INC.
and JASON V. SMITH                                               PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:15-CV-385-KS-MTP

DEAS CONSTRUCTION INC., D/B/A
DEAS MILLWORK CO., and
WEATHER SHIELD MANUFACTURING, INC.                               DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration [237] filed by Defendant Weather Shield Manufacturing, Inc. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion for Reconsideration is not well taken and should be denied.

I. BACKGROUND

On November 11, 2015, Plaintiffs Joan Cravens, Inc. ("JCI") and Jason V. Smith ("Smith") (collectively "Plaintiffs") filed this action against Defendants Deas Construction Inc. ("Deas") and Weather Shield Manufacturing, Inc. ("Weather Shield") (collectively "Defendants"). Many of the facts in the case are disputed, but the following is a brief account of the factual history of the case as it relates to the motions at bar.

This matter arises out of the purchase of windows for the construction of a home located in Gulfport, Mississippi. Smith contracted with JCI to build this home, intending for it to be a "fortified"

home in order to qualify for certain insurance programs. Weather Shield is a window manufacturer, and Deas is a dealer for Weather Shield. Deas was allowed to bid to provide windows for the project. The procurement process for the windows involved multiple quotes submitted to Plaintiffs by Deas. Plaintiffs noticed problems with the windows as they were being installed, with an entire sash of one window falling out during the installation process. After attempts to contact Defendants to remedy the problems with the windows, Plaintiffs filed suit in this Court.

The Court granted in part and denied in part Weather Shield previous Motion for Summary Judgment [189]. The only claim against Weather Shield not dismissed by the Court in its previous Order [236] is the breach of implied warranty of merchantability claim. In that same Order [236], the Court also denied Weather Shield's Motion to Exclude Darius Grimes [186]. The denial of the summary judgment motion as to the breach of implied warranty claim and the denial of the exclusion of Darius Grimes are the issues Weather Shield now brings in its Motion for Reconsideration [237].

## II. DISCUSSION

### A.   Standard of Review

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Weather Shield's Motion for Reconsideration [237] was filed within this twenty-eight day period.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment

2

under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

    B.    Breach of Implied Warranty of Merchantability

In its original motion, Weather Shield summarized its exclusion from liability under a breach of implied warranty of merchantability claim by stating that it "submits [*Royal Lincoln-Mercury Sales, Inc. v.*] *Wallace*[, 415 So.2d 1024 (Miss. 1982)], supra [sic], should result in dismissal of Count IX outright. In the alternative, Plaintiffs' claim cannot survive summary judgment because Weather Shield manufactured and delivered exactly what Cravens ordered . . . ." (Memo. in Support [190] at p. 22.) Despite its own reliance on valid, yet inapplicable, precedent from 1982, Weather Shield now argues that the Court was incorrect to rely on *Hargett v. Midas International Corp.*, 508 So.2d 663 (Miss. 1987), in which the Mississippi Supreme Court held that manufacturers were liable under implied

warranties.  This decision is valid precedent which has not been overturned by Mississippi Supreme Court and which has been more recently cited favorably by other federal courts in this circuit for its holding that a manufacturer can be liable under the implied warranty of merchantability.  *See Woods v. Ramsey*, 199 F.3d 437 (5th Cir. 1999) (citing *Hargett* for holding that); *Indemnity Ins. Co. of N. Am. v. Deere & Co.*, No. 2:11-CV-260-GHD-JMV, 2012 WL 4434718, at *5 (N.D. Miss. Sept. 24, 2012).  The Court therefore does not find the date of the *Hargett* decision to be grounds for reconsideration.

Weather Shield also reiterates its previous arguments that the 1998 amendments to Miss. Code Ann. § 75-2-314,[1] Mississippi's codification of the implied warranty of merchantability, preclude a manufacturer from being liable under an implied warranty of merchantability.  Even if reconsideration of a ruling were proper on an argument previously submitted to and overruled by the Court, *see Nationalist Movement*, 321 F.App'x at 364, this argument is undermined by the official comments of the statute it is made under and by subsequent rulings of other courts.  The official comments of § 75-2-314 specifically state that "the absence of the words 'grower or manufacturer or not' . . . does not restrict applicability of this section."  § 75-2-314 cmt. 2.  Furthermore, *Woods* and *Indemnity*, both citing *Hargett* for its holding that the implied warranty of merchantability is applicable to manufacturers, were decided after these amendments were made.  *See Woods*, 199 F.3d at 437; *Indemnity*, 2012 WL

---

[1] Weather Shield also makes the argument that §§ 75-2-315 and 316 precludes liability.  Section § 75-2-315 deals only with the implied warranty of fitness for a particular purpose, and that claim has already been dismissed against Weather Shield.   Section § 75-2-316 deals with the modification and exclusion of warranties, and there has been no allegation that any attempt, whether valid or not, has been made to disclaim a warranty.

4434718, at *5. Weather Shield's argument, then, that the statute's subsequent amendments preclude application to manufacturers is incorrect.

For the first time in its Motion for Reconsideration [237], Weather Shield cites the Court's previous decision in *Elliot v. Amadas Indus., Inc.*, 796 F.Supp.2d 796, 813 (S.D. Miss. 2011), in which the Court held that manufacturers were not liable under implied warranties. This argument is not properly before the Court as it was never presented in the original motion. *See Templet*, 367 F.3d at 478. However, the Court can only assume that, when it was deciding *Elliot*, it was not made aware of the existence of *Hargett*, as the basic principles of comity and federalism require the Court to give effect to its holding that manufacturers are liable under implied warranties. *See James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (quoting *Westlake Petrochems., LLC v. United Polychem, Inc.*, 688 F.3d 232, 238 n.5 (5th Cir. 2012) ("To determine issues of state law, we look to final decisions of the state's highest court . . . .") Therefore, even if this argument were properly before the Court, it would not be persuasive.

Weather Shield also argues that there is insufficient evidence to support a claim for a breach of implied warranty of merchantability because Plaintiffs' evidence that the windows were not merchantable is inadmissible or otherwise unreliable. Most of these arguments were not presented in its original Motion for Summary Judgment [189], and are therefore not properly before the Court now. *See Templet*, 367 F.3d at 478. To the extent that these arguments were present in the original motion, they are merely being re-urged due to Weather Shield's disagreement with the Court's previous ruling, which is not the proper basis for a motion for reconsideration. *See Nationalist Movement*, 321 F.App'x

5

at 364. In its previous motion, Weather Shield never argued that Plaintiffs could not meet their burden to show that the windows were not fit for their ordinary use as windows. Instead, Weather Shield misunderstood Plaintiffs' claim to be that the implied warranty of merchantability was breached because the windows did not meet the project requirements. (*See* Memo. in Support [190] at p. 22.) As such, these arguments, which could have been introduced in its original motion but were not, are not the proper basis for reconsideration.

Because all of its arguments fail, Weather Shield's Motion for Reconsideration [237] will be **denied** as to the claim for breach of implied warranty of merchantability.

C.  Motion to Exclude

In its Motion for Reconsideration [237], Weather Shield contends that the Court erred in denying its Motion to Exclude Darius Grimes [186]. In doing so, Weather Shield does nothing more than reiterate its arguments from its original motion. As previously stated, Weather Shield's Motion for Reconsideration [237] is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement*, 321 F.App'x at 364. In its Order [236], the Court correctly stated the standard of review under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993), and applied that standard in light of the arguments before it. The fact that Weather Shield disagrees with the Court's application of the standard is not a proper basis

for reconsideration of the Court's ruling.  *See Atkins*, 130 F.R.D. at 626.  The Motion for Reconsideration [237] of this ruling will therefore be **denied.**

### III.   CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Weather Shield's Motion for Reconsideration [237] is **denied.**

SO ORDERED AND ADJUDGED this the   3rd   day of January, 2017.


                                              s/Keith Starrett
                                              KEITH STARRETT
                                              UNITED STATES DISTRICT JUDGE