**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

JOAN CRAVENS, INC.  PLAINTIFFS
JASON V. SMITH and BARBARA SMITH

v.  CIVIL ACTION NO. 1-15-CV-385-KS-MTP

DEAS CONSTRUCTION, INC., et al.  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion *In Limine* [244] filed by Defendant Deas Construction, Inc. ("Deas"), and joined by Defendant Weather Shield Manufacturing, Inc. ("Weather Shield") (collectively "Defendants"), the Motion *In Limine* to Exclude Guillotine Reference ("Motion to Exclude Reference") [248], Motion *In Limine* to Exclude Collective Reference to Plaintiffs and Defendants ("Motion to Exclude Collective Reference") [250], and Motion *In Limine* to Prohibit Plaintiffs from Offering Expert Testimony by Lay Witnesses ("Motion to Prohibit") [252] filed by Weather Shield and joined by Deas, and the Motion *In Limine* [254] and Motion for Leave to File Reply [263] filed by Plaintiffs Joan Cravens, Inc., and Jason and Barbara Smith (collectively "Plaintiffs"). After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following:

1. Defendants' Motion *In Limine* [244] should be granted in part and denied in part;

2. Defendants' Motion to Exclude Reference [248] is not well taken and should be denied;

3. Defendants' Motion to Exclude Collective Reference [250] is not well taken and should be denied;

4. Defendants' Motion to Prohibit [252] should be granted in part and denied in part.

5. Plaintiffs' Motion *In Limine* [254] is not well taken and should be denied; and

6. Plaintiffs' Motion for Leave to File Reply [263] should be denied as moot.

## I. DISCUSSION

### A. Defendants' Motion *In Limine* [244]

#### 1. Evidence that a corporation is bad, less sensitive, or more able to pay

Defendants seek a general prohibition against "[a]ny implication can [sic] a corporation is inherently bad, less sensitive, or more able to pay damages." (*See* Memo in Support [245] at p. 1.) Plaintiffs in response state that they do not anticipate using such evidence, but would argue that Defendants' proposed exclusion is overbroad and vague. They do not, however, object to "a specific order prohibiting testimony or arguments that corporations are inherently bad or have deep pockets." (*See* Response [261] at p. 2.) Because the Court finds that this is a reasonable modification of Defendants' request, the Motion *In Limine* [244] will be **granted in part** and **denied in part** accordingly.[1]

#### 2. Argument regarding the comparative size, power, or wealth of parties

Plaintiffs do not object to the exclusion of any argument regarding the comparative size, power, or wealth of the parties, and the Motion *In Limine* [244] will be **granted** as to this issue.

#### 3. "Golden Rule" arguments

Plaintiffs do not object to the exclusion of so-called "Golden Rule" arguments, which would ask the jurors what they would expect Defendants do if they were in Plaintiffs' position. The Motion *In Limine* [244] will therefore be **granted** as to this issue as well.

---

[1] The Court would note that, unless there is an objection, it typically instructs the jury to treat corporations the same as any other party during its charge to the jury.

2

      **4.**      **Non-expert testimony as to what Defendants should have done differently**

Defendants seek to exclude any non-expert testimony as to what they should have done differently in either their oral or written representations, arguing that such arguments would touch upon the standard of care to which window suppliers are held. They further argue that any such testimony would require specialized knowledge on the part of the witnesses.

Federal Rule of Evidence 701(a) allows lay witnesses to testify that are "rationally based on the witness's perception." The representations Defendants made to Plaintiffs and their agents are certainly within the purview of their perception, and an opinion as to what types of representations would have been less misleading is "rationally based" on this perception. As such, the Court will **deny** Defendants' Motion *In Limine* [244] as to this issue, as there are potential lay witnesses who could properly testify as to these opinions under Rule 701.

      **5.**      **Witness testimony as to Deas' intent or negligence**

Defendants argue that any opinion testimony regarding whether Deas was negligent or had the intent to defraud is inadmissible as it invades upon the province of the jury. However, Federal Rule of Evidence 704(a) states that "[a]n opinion is not objectionable just because it embraces an ultimate issue." The cases Defendants cite in support of their argument exclude intent opinion not because they speak to the intent of the defendants, but because the opinions as stated constituted impermissible legal conclusions.[2] *See Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *8 (E.D. Pa. May 4, 2011); *In re Rezulin Prods. Liab. Litig.*, 309 F.Supp.2d 531, 547 (S.D.N.Y. 2004). Defendants have not argued that the opinions concerning Deas' intent or negligence in this case would be impermissible legal conclusions. As such, the Court will **deny** their motion as to this point.

---

[2] The Court would also note that these cases are in no way binding precedent on the Court.

### 6. Information in Darius Grimes' Declaration

Defendants request that the information contained in the declaration of Plaintiffs' expert Darius Grimes be excluded as it was untimely disclosed. Defendants do not argue that Grimes was not timely disclosed as an expert. Rather, they claim that the declaration purporting to supplement Grimes' original testimony and report is not a proper supplement, as they contend "[t]here is no indication that these opinions could not have been rendered, based upon the evidence before Grimes, prior to the deadline." (Memo. in Support [245] at p. 4.) Plaintiffs argue that the transcripts of the depositions relied on by Grimes in his declaration were not available prior to the discovery deadline. Defendants state that the declaration "is not supplementation, but a new report," but offer no authority in support of this contention.[3] In fact, Defendants offer no authority for the contention that a supplementation of an expert's report has to be based on information not available to the expert prior to the discovery deadline. Federal Rule of Civil Procedure 26(e) requires only that parties disclose information that "has not otherwise been made known to other parties during the discovery process or in writing" and extends this duty to supplement to "both information included in the [expert's] report and to information given during the expert's deposition." Because it is Defendants' burden, as the movant, to show that this evidence must, as a matter of law, be excluded, and because the Court finds that Defendants have failed to meet this burden, the Court will **deny** the Motion *In Limine* [244] with respect to this issue.

### B. Defendants' Motion to Exclude Reference [248]

Defendants ask the Court to exclude reference to the window sash drift being akin to a "guillotine" or having a "guillotine effect." They argue that this type of terminology should be

---

[3] The case Defendants cite, *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, addresses a situation where a written expert report was not filed and the party attempted to use the supplemental disclosure rule to file their report. *See* 145 F.3d 320, 324.

4

excluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by potential prejudice to them.  Defendants argue that "bodily injury, much less decapitation, is not an issue in this case," and that there is no probative value to the use of the word "guillotine." (*See* Memo. in Support [249] at p. 3.)  They further contend that "the jury will likely be inflamed based on the connotation of decapitation." (*See id.*)

Plaintiffs respond that the use of the term "guillotine" in Grimes' report is a proper description of the "sudden, quick drop of the window sash" and meant to convey that "the window sash could drop down and cut something, such as the operator's fingers." (Response [262] at p. 4.)  They further contend that jurors will be able to distinguish between an actual guillotine and a "guillotine-like sash drift." (*Id.*)  The Court agrees.

The colloquial comparison of the window sash drift to a guillotine is probative of its severity.  The Court does not believe that there is a risk that the jury will take the comparison so literally as to believe that Plaintiffs are accusing Defendants of decapitation, but will likely understand that the term is meant to convey the harsh drop of the window sash.  While this is no doubt prejudicial to Defendants, it is not so unfairly prejudicial as to require exclusion under Rule 403.  As such, the Motion to Exclude Reference [248] will be **denied**.

C.   **Defendants' Motion to Exclude Collective Reference [250]**

Defendants request that the Court exclude any collective references to "Plaintiffs" or "Defendants" at trial, as it would be unfairly prejudicial to them under Federal Rule of Evidence 403.  Defendants argue that because there is only one claim pending against Weather Shield and that it belongs only to the Smiths, such collective references will mislead the jury.  The Court agrees with Plaintiffs that such a broad prohibition on the terms "Plaintiffs" or "Defendants" is unnecessary as there is little danger of unfair prejudice or jury confusion.  Plaintiffs have already

5

committed to respecting the rulings of this Court concerning the claims that have been dismissed against Weather Shield, and the jury will receive specific instructions as to the claims against each Defendant and to whom damages, if any, would be owed.  Prohibiting collective references entirely would be overbroad and burdensome.  The Motion to Exclude Collective Reference [250] will therefore be **denied**.  Counsel are urged, however, to name specific parties over collective references when possible.

### D. Defendants' Motion to Prohibit [252]

Defendants argue that Mark Joseph, Joan Cravens, Jason Smith, and Barbara Smith should all be prohibited from testifying as experts at trial.  These witnesses were not designated as experts and are not being offered as experts, but as lay witnesses.  As such, their testimony at trial will be limited to their "personal knowledge of the matter" as required by Federal Rule of Evidence 602, and their opinion testimony must comply with the limits of Rule 701, which states that opinion testimony by lay witnesses must be:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.  The Court is hesitant to exclude any particular opinion at this point, but will generally limit the opinion testimony of these witnesses to those opinions that are based on their own perceptions and not based on any knowledge particular to their professions.  Should Defendants believe that Plaintiffs' lay witnesses are venturing into expert opinion testimony, they should raise a contemporaneous objection.  The Motion to Prohibit [252] will therefore be **granted in part** and **denied in part**.

E.     **Plaintiffs' Motion *In Limine* [254]**

1.     **Testimony or argument regarding duties of Joan Cravens, Inc., and George Denmark to the Smiths**

Plaintiffs argue that Defendants' arguments as to the duties Joan Cravens, Inc. ("JCI"), and George Denmark owed to the Smiths are invalid under Mississippi law, are tantamount to a contributory negligence defense, and should be excluded as irrelevant because they are based on industry standards rather than the actual contract between JCI, Denmark, and the Smiths. The Court has already found that the expert testimony applying industry standards to the contract between the Smiths, JCI, and Denmark is relevant to Plaintiffs' right to rely on the alleged misrepresentations made to them. (*See* Order [236] at p. 24.) The fact that the contract may not have been based on those industries standards does not make them irrelevant to Plaintiffs' right to rely. The right to rely is based on the hypothetical actions of a reasonable person, not the actual actions of Plaintiffs. Because the industry standards of care can factor into a jury's determination of reasonable right to rely, the Court will **deny** Plaintiffs' Motion *In Limine* [254] as to this issue.

2.     **Exclusion of Weather Shield employees as expert witnesses**

Plaintiffs argue that the four Weather Shield employees designated as experts, Bob Plovanich, Candy Zirngible, Diane Ehlert, and Emory Budzinski, should be excluded from testifying at trial for failure to make disclosures as required under Federal Rule of Civil Procedure 26(a)(2)(C).[4] Under Rule 26(a)(2)(C), expert witnesses not required to provide a written report must still be disclosed and the opposing party must be provided with a disclosure stating "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is

---

[4] Plaintiffs incorrectly cite to Federal Rule of Civil Procedure 26(a)(2)(b), but state the correct standard under Rule 26(a)(2)(C). The Court therefore assumes that this is a scrivener's error and will analyze their arguments under the correct standard as stated in their motion.

expected to testify." Fed. R. Civ. P. 26(a)(2)(C).  Defendants do not argue that they did not meet the disclosure requirements.  Rather, they argue that Plaintiffs have waived their right to object to their failure to disclose under Local Uniform Civil Rule 26(a)(3), which states that all expert disclosure challenges "must be filed no later than thirty days before the discovery deadline or be deemed waived."  As no challenge was made during this timeframe, the Court must find that the objection was waived and that the motion should be **denied** as to this issue.

Plaintiffs have filed a Motion for Leave to File Reply [263] in connection to this motion, attempting to introduce in reply an email purporting to show that they did make overtures to Defendants for these disclosures.  Even if the Court were inclined to grant this motion and consider this email, it does not cure Plaintiffs' failure to file a challenge with the Court seeking disclosures required under Rule 26(a)(2)(C).  The Motion for Leave to File Reply [263] will therefore be **denied as moot**.

## II.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion *In Limine* [244] is **granted in part** and **denied in part** as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Exclude Reference [248] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Exclude Collective Reference [250] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Prohibit [252] is **granted in part** and **denied in part**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion *In Limine* [254] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion for Leave to File Reply [263] is **denied as moot**.

SO ORDERED AND ADJUDGED, on this, the ___18th___ day of January, 2017.

                                                  ___s/Keith Starrett_____
                                                  KEITH STARRETT
                                                  UNITED STATES DISTRICT JUDGE